UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SUSAN COMBS**                                                        **CIVIL ACTION**

**VERSUS**                                                             **NO. 06-10905**

**HARRY KELLEHER AND CO., INC., ET AL.**                               **SECTION "S" (1)**

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand is **GRANTED**. (Rec. Doc. 4).

## BACKGROUND

Susan Combs ("Combs") filed suit in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana against her insurance broker, Harry Kelleher and Company, Inc. ("Kelleher"), her insurance company, Fidelity National Property and Casualty Insurance Company ("Fidelity") after sustaining flood damage to her home resulting from Hurricane Katrina. In her petition, Combs alleges that twelve years ago, defendants told her that her home would be taken from flood zone B and placed in flood zone A. She further alleges that zone A was the wrong zone, and as a result, she paid higher premiums for less flood coverage. In 2005, Combs discovered that she was in the wrong zone after speaking to neighbors.

Thereafter, Fidelity removed the case to this Court alleging that this Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question), §1337 (regulation of commerce), §1442 (federal

officer or agency), and 42 U.S.C. §4072 (national flood insurance act). Combs has filed a motion to remand arguing that her claims arise under state law and involve procurement of her flood policy. Fidelity alleges this Court has jurisdiction because that Combs's lawsuit arises from the administration of an existing National Flood Insurance Program ("NFIP") policy.

## DISCUSSION

**A.     Legal standard**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in pertinent part: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." To determine whether a cause of action presents a federal question, the court examines the plaintiff's well-pleaded complaint. *Hoskins v. Bekins Van Lines*, 343 F. 3d 769, 772 (5th Cir. 2003). The entire record is examined for a proper understanding of the true nature of the complaint. *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F. 2d 806, 808 (5th Cir. 1992).

**B.     National Flood Insurance Act (42 U.S.C. § 4072).**

The National Flood Insurance Act ("NFIA") grants federal courts original exclusive jurisdiction over lawsuits against the Director of FEMA for denials of claims made by insured individuals under their Standard Flood Insurance Policy ("SFIP"). 42 U.S.C. § 4072. The Fifth Circuit has held that Section 4072 applies to lawsuits against private insurers who issue SFIPs under the Write Your Own ("WYO") program. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389 (5th Cir.2005).

Courts draw a distinction between handling and procurement of NFIA policies. *Landry v. State Farm Fire and Cas. Co.*, 428 F.Supp.2d 531, 534 (E.D. La. Apr. 25, 2006). Federal

jurisdiction under the NFIA exists because policies under the National Flood Insurance Program are paid from the federal treasury, and claims regarding handling of those policies also involve the spending of federal funds. *Id.* When faced with the procurement versus handling debate, the court in *Landry* found that it lacked jurisdiction under the NFIA when plaintiff alleged that he sought contents coverage, but the agent failed to obtain such coverage. *Id.* at 535. The court reasoned that the obtaining of coverage was a procurement claim because it did not involve the interpretation or management of an active flood insurance policy. *Id.*

Following *Landry*, this Court finds that Combs's claims involve procurement. Specifically, Combs's claims arise out of the failure of the broker to place her in the correct flood zone resulting in a payment of higher premiums for less coverage. Combs is not asking for additional coverage, but a refund of the excess premiums which resulted from placement in the wrong zone. Further, Combs's state-law tort allegations do not involve the payment of federal funds, also a strong consideration in *Landry*. Therefore, this Court lacks jurisdiction over the case, and Combs's motion to remand is granted.

## CONCLUSION

For the forgoing reasons, Combs's motion to remand is **GRANTED**.

New Orleans, Louisiana, this ___21st___ day of March, 2007.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**